TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
John McClain
Brian Kreutter

Attorneys for Albert Togut,
Not Individually But Solely in His Capacity
as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x
In re:                                                                 :   Chapter 11
                                                                       :
PEGGY NESTOR,                                                          :   Case No. 23-10627 (MEW)
                                                                       :
                              Debtor.                                  :
                                                                       :
---------------------------------------------------------------------- x
ALBERT TOGUT, Not Individually But Solely in                          :
His Capacity as Chapter 11 Trustee,                                    :
                                                                       :
                              Plaintiff,                               :   Adv. Pro. No. 24-04023 (MEW)
                                                                       :
              v.                                                       :
                                                                       :
BUTTERFLY BEACH HOUSE, LLC and                                        :
BRENDA NESTOR,                                                         :
                                                                       :
                              Defendants.                              :
---------------------------------------------------------------------- x

### TRUSTEE'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 7056-1

Albert Togut, not individually but solely in his capacity as the Chapter 11

trustee (the "Plaintiff" or the "Trustee") of the estate ("Estate") of Peggy Nestor

(the "Debtor"), the debtor in the above-captioned case (the "Chapter 11 Case"), and the

plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), by

his attorneys, Togut, Segal & Segal LLP, hereby submits this statement of undisputed

facts, pursuant to Local Rule 7056-1, in support of Plaintiff's motion for summary judgment (the "Motion"[1]) filed herewith.

### The Parties

1.      The Trustee is the plaintiff in the Adversary Proceeding.  The Trustee was appointed the Chapter 11 Trustee of the Debtor by an order of the Court dated March 22, 2024.  [Docket. No. 48 at ¶ 7[2];  Chapter 11 Docket No. 112[3]].

2.      The Debtor is an individual, who, upon information and belief, resides at 21 Point Road, Norwalk, Connecticut 06854 (the "Connecticut Property"). [Docket No. 48 at ¶ 8].

3.      Defendant Butterfly is a Connecticut limited-liability company with a principal place of business located at 340 Royal Poinciana Way 317-416, Palm Beach, Florida.  [Docket No. 48 at ¶ 10].

4.      Defendant Brenda Nestor is an individual residing at 340 Royal Poinciana Way 317-416, Palm Beach, Florida, and she is one of the Debtor's sisters. [Docket No. 48 at ¶ 11].

### The Chapter 11 Case and the Appointment of the Trustee

5.      On April 25, 2023 (the "Petition Date"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  [Chapter 11 Docket No. 1].

6.      On the Petition Date, the Debtor owned the LLC Interest.

---

[1]     Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

[2]     References to the Adversary Proceeding docket are referred to as "Docket No. at __".

[3]     References to the Chapter 11 Case docket are referred to as "Chapter 11 Docket No. at __".

**<u>The Connecticut Property Transfer and the Formation of Butterfly</u>**

7.    In December 2021, the Debtor purchased the Connecticut Property in her name for $3,495,000.  [Docket No. 48 at ¶ 31].

8.    The Warranty Deed for that purchase, which identifies the Debtor as the sole grantee, was recorded with the clerk for the City of Norwalk, Connecticut on December 7, 2021 (Volume 9383, Page 338).  [Docket No. 48 at ¶ 31;  McClain Decl. at Ex. 1].

9.    On February 14, 2022, attorney Mary Jo Lovetri Whelan ("<u>Whelan</u>") sent the Debtor a proposed engagement letter that provided that Whelan would represent the Debtor in connection with her "plans for forming a limited liability company to take title to [the Connecticut Property]."  [McClain Decl. at Ex. 2]. (the "<u>Engagement Letter</u>").  The Engagement Letter contemplated that the Debtor would agree to the engagement by subsequently signing and returning the Engagement Letter to Whelan.  [McClain Decl. at Ex. 2].

10.    Also on February 14, 2022, Whelan filed a Certificate of Organization that she had drafted for the Debtor organizing Butterfly as Connecticut limited-liability company.  [Docket No. 48 at ¶ 32;  McClain Decl. at Ex. 3].

11.    On February 25, 2022, the Debtor, in her individual capacity, executed the Engagement Letter.  [McClain Decl. at Ex. 2].

12.    Butterfly's March 17, 2022 initial operating agreement (the "<u>Operating Agreement</u>") stated that "Margaret Nestor"—*i.e.*, the Debtor[4]—was the "sole member" of Butterfly at the time that the Operating Agreement was executed. [Docket No. 48 at ¶ 33;  McClain Decl. at Ex. 4].

---

[4]    On May 14, 2024, the Debtor recorded a Name Affidavit with the City of Norwalk, Connecticut in which she stated that "Peggy Nestor is one and the same person as Margaret Nestor" (Volume 9734, Page 98).  [Docket No. 48 at ¶ 33 n.3].

13.    On April 18, 2022, the Debtor transferred the Connecticut Property to Butterfly in exchange for $1 via a Warranty Deed drafted by Whelan (the "Butterfly Deed"). [Docket No. 48 at ¶ 34; McClain Decl. at Ex. 4].

14.    Whelan recorded the Butterfly Deed with the clerk for the City of Norwalk, Connecticut on April 27, 2022 (Volume 9460, Page 99), which the Debtor signed under her name "Margaret" Nestor. [Docket No. 48 at ¶ 34; McClain Decl. at Ex. 4].

15.    On March 11, 2024, Whelan emailed the Debtor: (1) an unexecuted assignment agreement contemplating the Debtor's transfer of "[her] One Hundred (100%) Percent equity interest in Butterfly Beach Chouse [sic], LLC" to Brenda Nestor for "One Dollar and other good and valuable consideration hereby received"; (2) an unexecuted First Amendment to Operating Agreement of Butterfly Beach House, LLC "to reflect the transfer of One Hundred (100%) Percent of Margaret Nestor's Membership Interest to Brenda Nestor"; and (3) the existing Operating Agreement. [Docket No. 48 at ¶ 61; McClain Decl. at Exs. 25-27].

16.    Both of these unexecuted documents were back-dated to December 31, 2023. [Docket No. 48 at ¶ 61; McClain Decl. at Exs. 26-27].

17.    In her cover email sending the documents, Whelan said:

> Dear Peggy, Attached is the Operating Agreement, Assignment of your interest to Brenda and an Amendment to the Operating Agreement stating that Brenda is the 100% owner. You should sign the Assignment, and both Brenda and you should sign the Amendment. Then send all three documents to Michael. Send me copies of the Assignment and Amendment for my files.

[Docket No. 48 at ¶ 61; McClain Decl. at Ex. 25].

4

18. Two days later, on March 13, 2024, the Court entered an order appointing a Chapter 11 trustee in the Chapter 11 Case. [Docket. No. 48 at ¶ 64; Chapter 11 Docket No. 107].

19. Also on March 13, 2024, Whelan emailed the Debtor: (1) another unexecuted assignment agreement contemplating the Debtor's transfer of "[her] One Hundred (100%) Percent equity interest in Butterfly Beach Chouse [sic], LLC" to Brenda Nestor for "One Dollar and other good and valuable consideration hereby received" (the "Assignment"); and (2) another unexecuted First Amendment to Operating Agreement purporting "to reflect the transfer of One Hundred (100%) Percent of Margaret Nestor's Membership Interest to Brenda Nestor" (the "Operating Agreement Amendment" and, together with the Assignment, the "Transfer Documents"). [Docket No. 48 at ¶ 63; McClain Decl. at Exs. 29-31].

20. The Transfer Documents sent to the Debtor on March 13, 2024 were identical to the documents sent on March 11, 2024, except that instead of being back-dated to December 31, 2023, they were now back-dated to January 1, 2023, a date preceding the date of the Debtor's Chapter 11 petition. [Docket No. 48 at ¶ 63; McClain Decl. at Exs. 30-31].

21. The next day, on March 14, 2024, the Debtor emailed Whelan executed versions of the Transfer Documents, back-dated to January 1, 2023, signed by the Debtor and Brenda Nestor. [Docket No. 48 at ¶ 65; McClain Decl. at Exs. 32-33].

22. On March 15, 2024, Whelan filed the 2024 Butterfly Annual Report (Filing No. 0012310728) with the CT SOS. This report, submitted nearly one year after the Petition Date, is the first filing purporting to reflect that Brenda Nestor is a member of Butterfly. [Docket No. 48 at ¶ 67; McClain Decl. at Ex. 34].

23. The LLC Interest Transfer therefore took place on March 13th or 14th, 2024.

24. The LLC Interest Transfer was not authorized by the Court or the Bankruptcy Code.

DATED: New York, New York
December 30, 2025

ALBERT TOGUT
Not Individually But Solely in His
Capacity as Chapter 11 Trustee
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ John McClain*
JOHN McCLAIN
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000