**Hearing Date:  January 22, 2026 at 11:00 a.m.**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
John McClain
Brian Kreutter

Attorneys for Albert Togut,
Not Individually But Solely in His Capacity
as Chapter 11 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------- x
                                                    :
In re:                                              :   Chapter 11
                                                    :
PEGGY NESTOR,                                        :   Case No. 23-10627 (MEW)
                                                    :
                              Debtor.                :
                                                    :
------------------------------------------------------------------- x
ALBERT TOGUT, Not Individually But Solely in         :
His Capacity as Chapter 11 Trustee,                  :
                                                    :
                              Plaintiff,             :   Adv. Pro. No. 24-04023 (MEW)
                                                    :
              v.                                     :
                                                    :
BUTTERFLY BEACH HOUSE, LLC and                       :
BRENDA NESTOR,                                       :
                                                    :
                              Defendants.            :
------------------------------------------------------------------- x
```

## CHAPTER 11 TRUSTEE'S REPLY TO DEFENDANTS'
## OPPPOSITION TO HIS MOTION FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**

REPLY ..................................................................................................................................1

I.      There Is No Genuine Dispute as to any Fact Material to the Trustee's Section 549
        Claim ......................................................................................................................2

        A.  The Trustee Has Shown that the LLC Interest Transfer Was a Post-Petition
            Transfer of Estate Property ...............................................................................3

            i.   Defendants Do Not Dispute, and Instead Tacitly Admit, that the LLC
                 Interest Transfer Happened Post-Petition ........................................................3

            ii.  What Brenda Nestor "Intended" Does Not Change What Actually
                 Happened ........................................................................................................4

            iii. The Remaining *Gordos* Elements To Be Proven By the Trustee Are Satisfied
                 ........................................................................................................................5

        B.  Defendants Fail to Prove the Fourth *Gordos* Element:  that the LLC Interest
            Transfer Was  Authorized by the Bankruptcy Code or this Court .....................6

II.     Defendants' Equitable-Mortgage Theory Is Not Relevant, Let Alone Material, to
        the Section 549 Claim, and Does Not Preclude Summary Judgment......................9

CONCLUSION ....................................................................................................................12

i

## TABLE OF AUTHORITIES

**Cases**

*Amresco New England II, L.P. v. Colossale,*
   63 Conn. App. 49 (2001)........................................................................................10

*Clark v. Beach,*
   6 Conn. 142 (Conn. 1826).......................................................................................10

*Ernst Haas Studio, Inc. v. Palm Press, Inc.,*
   164 F.3d 110 (2d Cir. 1999) ...................................................................................7, 8

*Fed. Home Loan Mortg. Corp. v. Bronx New Dawn Renaissance VII, L.P.,*
   No. 93 CIV. 7970 (CSH), 1995 WL 412399 (S.D.N.Y. July 11, 1995)..................8

*Francois v. Victory Auto Grp. LLC,*
   No. 22-CV-04447 (JSR), 2023 WL 4534375 (S.D.N.Y. July 13, 2023)..................8

*Hygrade Food Prods. Corp. v. Comm'r of Internal Revenue,*
   144 F.2d 115 (2d Cir. 1944) ...................................................................................4

*In re Gordos Rest. Corp.,*
   643 B.R. 1 (Bankr. S.D.N.Y. 2022) ........................................................................2

*In re Vachhani,*
   No. 16-21987 (JJT), 2019 WL 303078 (Bankr. D. Conn. Jan. 22, 2019) .........10, 11

*Magtoles  United Staffing Registry, Inc.,*
   665 F. Supp. 3d 326 (E.D.N.Y. 2023).....................................................................8, 9

*Rotblut v. 300 E. 74th St. Owners Corp.,*
   No. 96 CIV. 5762 JSM MHD, 1997 WL 16063 (S.D.N.Y. Jan. 16, 1997).............8

*Scarfo v. Snow,*
   168 Conn. App. 482 (2016).....................................................................................9, 10

*Silano v. Hammel,*
   No. 3:17-CV-01498 (KAD), 2019 WL 1385092 (D. Conn. Mar. 27, 2019)..........5

*United States v. Jacques Dessange, Inc.,*
   No. 99 CR. 1182 DLC, 2000 WL 280050 (S.D.N.Y. Mar. 14, 2000)...................4, 5

*United States v. Mottley,*
   130 F. App'x 508 (2d Cir. 2005)............................................................................5

**Statutes**

11 U.S.C. § 549 ............................................................................................................ 1, 7, 9, 11

**Rules**

Bankr. S.D.N.Y. R. 7056-1 ............................................................................................ 1, 5

Fed. R. Bankr. P. 7056 ....................................................................................................... 1

TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate ("Estate") of Peggy Nestor (the "Debtor"), the debtor in the above-captioned Chapter 11 case and the plaintiff in the above-captioned adversary proceeding, by his attorneys, Togut, Segal & Segal LLP, hereby makes his reply (the "Reply") to the Opposition[1] of defendant Butterfly Beach House, LLC ("Butterfly") and defendant Brenda Nestor (collectively with Butterfly, the "Defendants") to his motion seeking summary judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 7056-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") on his cause of action seeking to avoid the Debtor's unauthorized post-petition transfer of her 100% membership interest in Butterfly (the "LLC Interest Transfer" of the "LLC Interest") to her sister Brenda Nestor under 11 U.S.C. § 549 (the "Section 549 Claim"), and to recover and preserve the LLC Interest for the benefit of the Estate (the "Motion"),[2] and respectfully states:

## REPLY

1.      As described in the Trustee's Motion, there are no genuine disputes as to any fact material to the Trustee's Section 549 Claim.  No reasonable factfinder would find that the LLC Interest Transfer was not an unauthorized transfer of Estate

---

[1]    In opposition to the Trustee's Motion, the Defendants filed:  (1) the *Declaration of Brenda Nestor in Opposition to the Trustee's Motion for Summary Judgment* (the "Nestor Declaration"), Docket No. 60, with accompanying exhibits, Docket Nos. 60-1 to 60-12;  (2) *Defendants' Memorandum of Law in Opposition to the Trustee's Motion for Summary Judgment* (the "MOL"), Docket No. 60-13;  and (3) *Defendants' Response to Trustee's Statement of Undisputed Facts Pursuant to Local Rule 7056-1* (the "SOF Response"), Docket No. 60-14.  The Nestor Declaration, MOL, and SOF Response will be collectively referred to herein as the "Opposition" except where they are referenced individually.

[2]    The Trustee incorporates the Motion as well as the *Trustee's Statement of Undisputed Facts Pursuant to Local Rule 7056-1* (the "SOF") and the *Declaration of John McClain* (the "McClain Declaration") filed in support of the Motion herein.  *See* Docket Nos. 54-56.

property that occurred after the Petition Date.[3]  The Defendants' Opposition fails to credibly contest the record evidence invoked by the Trustee in support of the Motion.

2.      Instead of contesting the Motion on its merits, Defendants struggle in an attempt to summarily establish their Counterclaim seeking an equitable mortgage on the Connecticut Property.[4]  But Defendants' Counterclaim is wholly irrelevant to the Trustee's Section 549 Claim for a host of reasons, and provides no reason to deny the Trustee the relief he seeks for the Estate's benefit.  Indeed, the Counterclaim is not the subject of any dispositive motion;  the Trustee will separately address the Counterclaim in his pending responsive pleading thereto, and in subsequent litigation as is appropriate.

3.      The Court should grant the Motion, and award the Trustee summary judgment on his Section 549 Claim.

## I.      There Is No Genuine Dispute as to any Fact Material to the Trustee's Section 549 Claim

4.      As set forth in the Motion, a Section 549 claim requires proof of a: (i) post-petition;  (ii) transfer;  (iii) of property of the debtor's estate;  (iv) that was unauthorized by the Bankruptcy Code or the Court.  *See In re Gordos Rest. Corp.*, 643 B.R. 1, 20–21 (Bankr. S.D.N.Y. 2022) (listing the "*Gordos* elements").  While the plaintiff bears the burden of proving the first three *Gordos* elements, the defendant shoulders the burden of proving that the transfer was authorized by the Bankruptcy Code or the Court.  *Id.* at 20.

5.      The Opposition does not raise any genuine dispute of fact concerning any of the *Gordos* elements.

---

[3]    Capitalized terms that are not defined herein are defined in the Motion.

[4]    *See* Defendants' *Amended Answer to First Amended Complaint with Affirmative Defenses and Counterclaim* (the "Amended Answer" containing the "Counterclaim"), Docket No. 58.

2

A.   **The Trustee Has Shown that the LLC Interest**
**Transfer Was a Post-Petition Transfer of Estate Property**

*i.   Defendants Do Not Dispute, and Instead Tacitly Admit,*
*that the LLC Interest Transfer Happened Post-Petition*

6.   Concerning the timing of the transfer, Defendants nowhere actually dispute that the LLC Interest Transfer happened after the Petition Date.

7.   Defendants do not dispute that the Transfer Documents:  (i) were executed in March 2024, almost a year after the April 25, 2023 Petition Date;[5] (ii) were falsely dated as of January 1, 2023;[6] and (iii) were executed in March 2024 by Brenda Nestor, *see* SOF Response ¶ 21.

8.   Defendants also nowhere dispute that it was the post-petition execution of the Transfer Documents that effected the LLC Interest Transfer between the Debtor and Brenda Nestor.  On the contrary, Defendants admit that "the Trustee . . . cit[es] to . . . drafts of *the documents assigning the Butterfly membership interest to Brenda* in which the effective date was changed."  MOL at 8-9 (emphasis added).

9.   Beyond failing to dispute the timing of the transfer, the Opposition contains many other tacit admissions that the LLC Interest Transfer took place after the April 25, 2023 Petition Date.  For one example, Defendants claim that "Brenda inherited a mortgage in default after Brenda became the member of Butterfly," referring to the Secure Bridge Loan.  MOL at 8.  But the record shows that:  (i) the "Maturity Date" on the Secure Bridge Loan was "November 15, 2023";  (ii) the Secure Bridge Loan matured and Butterfly "failed to pay all amounts due and owing" on the Secure Bridge Loan "on or before the Maturity Date," constituting a default thereunder;  and that thereafter

---

[5]   *See* SOF Response ¶ 24 (no dispute that the Transfer Documents were executed in March 2024).

[6]   *See* MOL at 2 (arguing that the Debtor's attorney Mary Jo Lovetri Whelan ("Whelan") "attempted to conform the [Transfer] Documents to the parties' actual intent prepetition, notating them 'as of

(iii) on "January 4, 2024, notice was provided to [Butterfly] of [Butterfly]'s defaults[.]"
*See* McClain Declaration Ex. 7 ¶¶ 12-15.  Elsewhere in their Opposition, Defendants assert that "the impetus of the transfer was a default in the Connecticut Mortgage." MOL at 9.  By making clear that the "impetus of" the LLC Interest Transfer was a November 15, 2023 default on a mortgage loan that Brenda Nestor "inherited . . . after" she became a Butterfly member, Defendants effectively admit that the LLC Interest was transferred to Brenda Nestor after the Debtor filed her bankruptcy petition on April 25, 2023.

*ii.  What Brenda Nestor "Intended" Does Not*
*Change What Actually Happened*

10.  Instead of actually disputing that the LLC Interest Transfer took place post-petition, throughout the Opposition, Defendants claim that the LLC Interest Transfer was "intended to" have taken place pre-petition.[7]

11.  The law is clear that what Brenda Nestor and others may have "intended to" do is altogether irrelevant for purposes of this dispute;  all that matters is what was actually done.  *See Hygrade Food Prods. Corp. v. Comm'r of Internal Revenue*, 144 F.2d 115, 115 (2d Cir. 1944) ("What [the petitioner] might have done is irrelevant.  What it did is the controlling factor.");  *United States v. Jacques Dessange, Inc.*, No. 99 CR. 1182

---

January 1, 2023'" and arguing that the Transfer Documents "were fundamentally designed to confirm the parties' earlier agreement").

[7]  *See, e.g.*, SOF Response ¶ 24 ("The Defendants dispute the date of the LLC Interest Transfer, which was intended to occur as of January 1, 2023 in accordance with the parties' intent as reflected in the Loan Acknowledgment.");  *see also id.* ¶¶ 6, 15-17, 19-21, 23-25 (similar responses regarding the "intended" January 1, 2023 date of the LLC Interest Transfer);  Nestor Declaration at ¶¶ 4 ("the transfer of the membership interest was intended to occur as of January 1, 2023"), 13 ("My ownership [of Butterfly] was intended to begin on January 1, 2023");  MOL at 2 (arguing that the Debtor's attorney Whelan "attempted to conform the [Transfer] Documents to the parties' actual intent prepetition, notating them 'as of January 1, 2023'" and arguing that the Transfer Documents "were fundamentally designed to confirm the parties' earlier agreement.").

4

DLC, 2000 WL 280050, at *4 (S.D.N.Y. Mar. 14, 2000) ("What might have happened in a hypothetical situation that never occurred is irrelevant.").

12.     Further, Defendants' qualified denials, which do not actually dispute the Trustee's allegations or controvert the evidence that he has offered, are insufficient to avoid summary judgment. *See* Local Rule 7056-1(d) ("material facts . . . shall be deemed admitted for purposes of the [summary judgment] motion unless *specifically controverted* . . . in the statement required to be served by the opposing party") (emphasis added); *Silano v. Hammel*, No. 3:17-CV-01498 (KAD), 2019 WL 1385092, at *1 n.1 (D. Conn. Mar. 27, 2019) ("qualified admissions and denials" deemed admitted under the District of Connecticut's similar local rules concerning summary judgment), *aff'd*, 809 F. App'x 57 (2d Cir. 2020); *United States v. Mottley*, 130 F. App'x 508, 510 (2d Cir. 2005) (defendant's "qualified denial did not suffice to raise an issue of fact" requiring an evidentiary hearing).

13.     Defendants' allegations regarding what the Debtor and Brenda Nestor may have "intended to" do are thus insufficient to avoid summary judgment here, and for multiple reasons, the first *Gordos* element is satisfied. The LLC Interest Transfer took place post-petition.

### iii.     *The Remaining Gordos Elements To Be Proven By the Trustee Are Satisfied*

14.     Defendants do not dispute that the LLC Interest Transfer occurred. *See* Amended Answer ¶ 1 (admitting that "the Debtor . . . transferred the Debtor's membership interest in Butterfly to Brenda"); SOF Response ¶ 24 (disputing only the date of the LLC Interest Transfer). The second *Gordos* element is accordingly satisfied.

15.     Concerning whether the LLC Interest transferred was "property of the estate," Defendants also do not dispute that the LLC Interest Transfer was a transfer of property from the Debtor to Brenda Nestor. Amended Answer ¶ 1 (admitting that

5

"the Debtor . . . transferred the Debtor's membership interest in Butterfly to Brenda"). And Defendants nowhere dispute that, if it was owned by the Debtor on the Petition Date, the LLC Interest constituted property of the Debtor's Estate.

16.     What the Debtor and Brenda Nestor did to effect the LLC Interest Transfer, and when they did it, is not genuinely disputed by Defendants. The third *Gordos* element is accordingly satisfied, and the Trustee has sustained his burden of proof on all three *Gordos* elements for which he bears the burden of proof.

**B.     Defendants Fail to Prove the Fourth *Gordos* Element:  that the LLC Interest Transfer Was Authorized by the Bankruptcy Code or this Court**

17.     Since the Trustee has sustained his burden of proving the first three *Gordos* elements, the only remaining question is whether Defendants raise a genuine dispute about whether they can sustain their burden of proving the fourth *Gordos* element, *i.e.*, that the LLC Interest Transfer—despite being a post-petition transfer of Estate property—was authorized by the Bankruptcy Code or the Court.

18.     All that Defendants say about whether the Debtor was authorized to effect the LLC Interest Transfer is:

> The Defendants deny that authorization was required, in light of the fact that the LLC Interest Transfer was intended to occur as of January 1, 2023 in accordance with the parties' intent as reflected in the Loan Acknowledgment, as well as Brenda's rights under the Equitable Mortgage Doctrine.

SOF Response ¶ 25. As discussed briefly below, the "Loan Acknowledgement" refers to the purported "I.O.U.[/]Promissory Note" document dated as of December 3, 2021 wherein the Debtor appears to agree to pay a sum of money at a certain time to an unspecified person (identified, if at all, as "BN") or to "deed" unspecified "Property" to the person at an unspecified time.

6

19. Assuming *arguendo* that the "I.O.U.[/]Promissory Note" document can be proven to be what Defendants claim that it is, *i.e.*: (i) a genuine promissory note, as opposed to another *post hoc* fabrication by the Debtor and Brenda Nestor to frustrate the Debtor's creditors like the Transfer Documents; (ii) that memorializes the Debtor's agreement to pay Brenda Nestor money or alternatively to deed Brenda the Connecticut Property in fee simple absolute if and when the note was not paid off, Defendants' argument is that a debtor needs no court or Code-based authorization to alienate valuable estate-owned corporate ownership interests post-petition so long as either: (a) the debtor conditionally agreed to alienate a piece of real property that is owned by the corporate entity to the transferee at some pre-petition time; or (b) the post-petition transferee of the corporate ownership interests believes that it has an equitable interest in the piece of real property owned by the corporate entity at the time of the post-petition transfer of the corporate ownership interests.

20. This argument is utterly absurd and has no support in the law. Section 549 expressly limits post-petition transfers of estate property to those authorized by: (i) the Bankruptcy Code; or (ii) the court. 11 U.S.C. § 549(a). It is Defendants' counsel's burden to demonstrate that the legal arguments asserted on Defendants' behalf concerning authorization for the LLC Interest Transfer are supported by the Bankruptcy Code or a Court order; it is not the Court's or the Trustee's burden to do Defendants' research for them, and it is not the Trustee's burden to contest unsupported arguments raised in such threadbare fashion. *See Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (holding appeal was frivolous, affirming order appealed from, and awarding attorneys' fees to appellee because "[b]y failing in its main Brief to state reasoned arguments based on cited authority setting out grounds for reversal, appellant's counsel forced appellee to

7

anticipate, research, and argue the issues in the case"; "Appellant's Brief is at best an invitation to the court to scour the record, research any legal theory that comes to mind, and serve generally as an advocate for appellant.  We decline the invitation."); *Rotblut v. 300 E. 74th St. Owners Corp.*, No. 96 CIV. 5762 JSM MHD, 1997 WL 16063, at *1 (S.D.N.Y. Jan. 16, 1997) (rejecting conclusory argument in opposition to motion to amend complaint:  "Defendant may be correct in its assessment of the proposed amendments, but it offers no legal analysis or authority in support of its position. Rather, it contents itself with an affidavit of its counsel asserting in entirely conclusory terms that plaintiffs' claims are baseless.  This failing . . . effectively places on the court the burden of conducting the initial legal analysis that is properly the responsibility of defendant's counsel.  This is unacceptable.").  This is particularly so where, as here, Defendants bear the burden of persuasion on the issue to which the argument is relevant.  *Ernst Haas*, *supra*.

21.      Because Defendants do not support their bizarre argument with any citations to the Bankruptcy Code, any order of the Court, or any legal authorities, Defendants fail to sustain their burden on the fourth *Gordos* element.  *See Fed. Home Loan Mortg. Corp. v. Bronx New Dawn Renaissance VII, L.P.*, No. 93 CIV. 7970 (CSH), 1995 WL 412399, at *3 (S.D.N.Y. July 11, 1995) (granting summary judgment for plaintiff where defendant failed to cite any legal authority for its theory which was "unsupported in the law"); *Francois v. Victory Auto Grp. LLC*, No. 22-CV-04447 (JSR), 2023 WL 4534375, at *9 (S.D.N.Y. July 13, 2023) (granting summary judgment to movant because nonmovant failed to cite any legal authority in support of her position); *Magtoles  United Staffing Registry, Inc.,* 665 F. Supp. 3d 326, 341-42 (E.D.N.Y. 2023) (rejecting summary-judgment argument where nonmovants raised "distinctions without any accompanying legal authority or arguments as to their legal relevance. . . .  Defendants fail to argue or cite

8

contrary material facts or legal authority, and thus fail to present a triable issue of material fact").

## II.    Defendants' Equitable-Mortgage Theory Is Not Relevant, Let Alone Material, to the Section 549 Claim, and Does Not Preclude Summary Judgment

22.    Within their Opposition, Defendants ineffectively attempt to reframe the question of the viability of Trustee's Section 549 Claim as dependent upon the non-viability of Defendants' Counterclaim seeking to have Brenda Nestor declared the holder of an equitable mortgage against the Connecticut Property. *See* MOL at 2 (arguing that "the Trustee's pre-occupation with the timing of the transfer begs the central issue of addressing Brenda's rights as a creditor of the Connecticut Property in the event that the membership transfer is set aside"); *id.* at 5 n.4 (describing "[t]he question of precisely when the transfer occurred" as "a red herring"). But "the Trustee's pre-occupation with the timing of the transfer" concerns the central element of the Section 549 Claim on which the Motion seeks summary judgment. *See* 11 U.S.C. § 549 (entitled "Postpetition transactions"). And neither the Connecticut Property nor the question of whether Brenda has any rights in the Connecticut Property—the true red herrings here—are material to the Section 549 Claim/Motion.

23.    The Motion concerns the Trustee's Section 549 Claim, through which the Trustee has claimed rightful ownership of non-debtor Butterfly's corporate ownership interests on behalf of the Estate. While it is undisputed that Butterfly owns the Connecticut Property, *see* SOF Response ¶ 13, under Connecticut law, the rightful owner of Butterfly has no claim to any personal ownership interest in the Connecticut Property or any other property owned by Butterfly. *See Scarfo v. Snow*, 168 Conn. App. 482, 500-01 (2016) ("A limited liability company is a distinct legal entity whose existence is separate from its members. . . . It is an elementary principle of corporate law that . . . corporate property is vested in the corporation and not in the owner of the corporate

9

stock. . . . That principle also is applicable to limited liability companies and their members.") (cleaned up and citations omitted). Conversely, it is basic corporate law that the holder of a mortgage on a corporate entity's real property only owns a security interest in the property by virtue of the mortgage, and that the mortgage does not give the mortgage-holder any rights to control the corporate entity's equity interests or who owns them. *See Clark v. Beach*, 6 Conn. 142, 158-59 (Conn. 1826) (discussing mortgage deed: "In a court of chancery, that the mortgagor is viewed, as being seised of the freehold, and the mortgagee as having a lien upon the land by way of pledge only, is too clear to be made a question. . . . [A] mortgage is only a security for money, and passes only a chattel interest . . . nothing is conveyed to the mortgagee,–neither land, nor dower, nor curtesy"); *Amresco New England II, L.P. v. Colossale*, 63 Conn. App. 49, 55-56 (2001) ("A mortgagee is entitled to full payment of the debt, but no more."). Thus, if the Court rules in the Trustee's favor on the Motion and returns ownership of the LLC Interest to the Trustee/the Debtor's Estate, the Connecticut Property and any interests held therein will not be affected—*at all*. The question of whether Brenda has an equitable mortgage on the Connecticut Property is therefore not at all relevant to the Section 549 Claim, let alone material to its resolution, and the Court need not reach the equitable-mortgage question in order to grant the Motion.

24. Defendants invoke a single case attempting to link their equitable-mortgage Counterclaim to the Section 549 Claim/Motion. *See* MOL at 3-4 (describing *In re Vachhani*, No. 16-21987 (JJT), 2019 WL 303078 (Bankr. D. Conn. Jan. 22, 2019) as discussing "[t]he interplay between the Equitable Mortgage Doctrine and Section 549"). But Defendants do not attempt to meaningfully explain why *Vachhani* provides any reason to deny the Motion, and for good reason: it is wholly inapposite to the instant dispute.

10

25.     In *Vachhani*, the Connecticut bankruptcy court dismissed a Chapter 7 trustee's Section 549 claim seeking to avoid certain post-petition transfers of real property because the complaint alleged that the debtor did not own the property on the petition date, *i.e.*, because the trustee failed to allege the third *Gordos* element that the property transferred was property of the debtor's estate at the time of the transfer. 2019 WL 303078, at *5 ("The Debtor executed and delivered the Deed to the Vachhanis, who accepted the Deed before the Petition Date. Likewise, they executed the Mortgage with Wells Fargo and encumbered the Property pre-petition. New Jersey law governs and establishes that these Transfers occurred pre-petition. As a consequence, the Trustee cannot make a cognizable claim under 11 U.S.C. § 549(a)(1)."). *Vachhani* is thus wholly inapposite in this case, where the Trustee's Amended Complaint alleges (and the record evidence demonstrates) that the LLC Interest was property of the Debtor's Estate before it was transferred post-petition. *See* Am. Compl. ¶¶ 100-01 [Docket No. 48]; *supra* Section A.

26.     Defendants cite no other case involving a Section 549 claim where an equitable-mortgage argument was made. Because they do not, and because *Vachhani* does not help them, Defendants have failed to show that their equitable-mortgage arguments are material to the Section 549 Claim/the Motion, and these arguments should be ignored. The Trustee will appropriately respond to the Counterclaim that Defendants' equitable-mortgage arguments seek to support in his forthcoming responsive pleading, which is currently due later this month.

11

**CONCLUSION**

WHEREFORE, for the reasons set forth herein and in the Motion, the

Trustee respectfully requests that this Court enter an order, substantially in the form of

the Proposed Order attached to the Motion:  (1) granting the Trustee summary

judgment on his Section 549 Claim;  (2) avoiding the LLC Interest Transfer;

(3) preserving the LLC Interest Transfer for the benefit of the Estate;  and (4) permitting

the Trustee to recover the LLC Interest, or the value thereof.

DATED:  New York, New York
January 20, 2026

ALBERT TOGUT
Not Individually But Solely in His
Capacity as Chapter 11 Trustee
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ John McClain*
JOHN McCLAIN
BRIAN KREUTTER
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

12