UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
: 
In re: : Chapter 11
:
PEGGY NESTOR, : Case No. 23-10627 (MEW)
:
                        Debtor. :
:
------------------------------------------------------------------ x
:
ALBERT TOGUT, Not Individually But Solely in His :
Capacity as Chapter 11 Trustee, :
:
                        Plaintiff, : Adv. Pro. No. 24-04023 (MEW)
:
      v. :
:
BUTTERFLY BEACH HOUSE, LLC and :
BRENDA NESTOR, :
:
                        Defendants. :
------------------------------------------------------------------ x

**ORDER GRANTING CHAPTER 11 TRUSTEE'S
MOTION FOR SUMMARY JUDGMENT**

Upon the motion (the "Motion")[1] [Docket No. 54] of Albert Togut, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate ("Estate") of Peggy Nestor (the "Debtor"), the debtor in the above-captioned case (the "Chapter 11 Case") and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), by his attorneys, Togut, Segal & Segal LLP, for summary judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 7056-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") on his cause of action seeking to avoid Debtor's unauthorized post-petition transfer of her 100% membership interest in defendant Butterfly Beach House, LLC

---

[1]    All capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

(the "LLC Interest" in "Butterfly") to her sister and defendant Brenda Nestor (collectively with Butterfly, the "Defendants") and to the recover and preserve the LLC Interest for the benefit of the Estate; and upon the Trustee's Statement of Undisputed Facts Pursuant to Local Rule 7056-1 [Docket No. 55], and the Declaration of John McClain in Support of Trustee's Motion for Summary Judgment and the documents attached thereto [Docket No. 56]; and it appearing that the Court has jurisdiction to consider the Motion; and the relief requested therein being a core proceeding to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that good and sufficient notice of the Motion has been given under the circumstances of the Chapter 11 Case and the Adversary Proceeding; and it appearing that no other or further notice need be provided; and the Court having considered the Motion, Defendants' Opposition to the Motion [Docket No. 60], and the Trustee's Reply to the Opposition [Docket No. 61] during a hearing before the Court on January 22, 2026 (the "Hearing"); and the Court having heard counsel for the Trustee and counsel for the Defendants during the Hearing, the record of which (the "Record") is incorporated herein; and upon all of the prior pleadings and proceedings herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that, for the reasons set forth in the Record of the Hearing, the Motion is hereby granted as to the Trustee's first cause of action as set forth herein; and it is further

**ORDERED**, that the LLC Interest Transfer is found to be an unauthorized post-petition transfer that is hereby avoided pursuant to section 549 of the Bankruptcy Code; and it is further

**ORDERED**, that the LLC Interest shall be recovered and preserved by the Trustee for the benefit of the Estate pursuant to sections 550 and 551 of the Bankruptcy Code; and is further

**ORDERED**, that the Trustee and his retained professionals are authorized to take all actions and sign such documents as may be necessary to effectuate the relief granted pursuant to this Order, including the filing and recording of documents with governmental agencies or entities; and it is further

**ORDERED**, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that the Court retains exclusive jurisdiction for all matters arising from or related to the implementation, interpretation, or enforcement of this Order; and it is further

**ORDERED**, that not later than one (1) business day after entry of this Order, the Trustee shall serve copies of this Order by either overnight mail, hand delivery, or electronic transmission to: (a) the Debtor; (b) counsel for the Defendants; and (c) the United States Trustee.

Dated:   New York, New York
         January 23, 2026

/s/ **Michael E. Wiles**
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE