TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
John McClain
Brian Kreutter

*Attorneys for Albert Togut,*
*Not Individually But Solely*
*in His Capacity as Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                         :

In re:                              :      Chapter 11
                         :

PEGGY NESTOR,              :      Case No. 23-10627 (MEW)
                         :

           Debtor.      :
                         :

------------------------------------------------------------------ x
ALBERT TOGUT, Not Individually But Solely in  :
His Capacity as Chapter 11 Trustee,     :
                         :

          Plaintiff,    :      Case No. 24-04023 (MEW)
                         :

      v.                     :
                         :

BUTTERFLY BEACH HOUSE, LLC and    :
BRENDA NESTOR,            :
                         :

          Defendants.  :
------------------------------------------------------------------ x

### CHAPTER 11 TRUSTEE'S
### REPLY AND DEFENSES TO DEFENDANTS' COUNTERCLAIM

Albert Togut, not individually but solely in his capacity as Chapter 11

trustee (the "Trustee") of the estate (the "Estate") of Peggy Nestor (the "Debtor") in the

above-captioned Chapter 11 bankruptcy case (the "Chapter 11 Case") and the plaintiff

in the above-captioned adversary proceeding (the "Adversary Proceeding"), by and

through his attorneys, Togut, Segal & Segal LLP, hereby responds to the counterclaim

set forth in the *Amended Answer to First Amended Complaint with Affirmative Defenses and*

*Counterclaim* (the "Counterclaim" in the "Amended Answer") [Docket No. 58] filed by

defendants Butterfly Beach House, LLC ("Butterfly") and Brenda Nestor (collectively,

the "Defendants"), and respectfully alleges as follows:

**FIRST COUNTERCLAIM
(EQUITABLE MORTGAGE OR LIEN
AGAINST THE CONNNECTICUT PROPERTY)**

42.    Paragraph 42 of the Counterclaim repeats and realleges each

allegation in the Amended Answer.  To the extent a response is required, the Trustee

denies the allegations contained in Paragraph 42 of the Counterclaim.

43.    Paragraph 43 contains allegations constituting one or more

conclusions of law to which no responsive pleading is necessary.  The Trustee otherwise

denies the allegations contained in Paragraph 43 of the Counterclaim.

44.    Paragraph 44 contains allegations constituting one or more

conclusions of law to which no responsive pleading is necessary.  The Trustee otherwise

denies the allegations contained in Paragraph 44 of the Counterclaim.

45.    Paragraph 45 contains allegations constituting one or more

conclusions of law to which no responsive pleading is necessary.  The Trustee otherwise

denies the allegations contained in Paragraph 45 of the Counterclaim.

46.    Paragraph 46 contains allegations constituting one or more

conclusions of law to which no responsive pleading is necessary.  The Trustee admits

that the Debtor transferred her membership interest in Butterfly to Brenda Nestor but

otherwise denies the allegations contained in Paragraph 46 of the Counterclaim.

47.    The Trustee denies having sufficient knowledge or information to

form a belief as to the truth of the allegations contained in Paragraph 47 of the

Counterclaim.

48.     Paragraph 48 consists of allegations constituting one or more conclusions of law to which no responsive pleading is necessary.

49.     Paragraph 49 contains allegations constituting one or more conclusions of law to which no responsive pleading is necessary.  The Trustee otherwise denies the allegations contained in Paragraph 49 of the Counterclaim.

50.     Paragraph 50 contains allegations constituting one or more conclusions of law to which no responsive pleading is necessary.  The Trustee otherwise denies the allegations contained in Paragraph 50 of the Counterclaim.

51.     Paragraph 51 contains allegations constituting one or more conclusions of law to which no responsive pleading is necessary.  The Trustee otherwise denies the allegations contained in Paragraph 51 of the Counterclaim.

The Trustee denies that the Defendants are entitled to any of the relief requested in the "WHEREFORE" paragraph of the Counterclaim.

### DEFENSES

Without assuming the burden of proof of any such defense that rests with Defendants, the Trustee states the following separate defenses:

### FIRST DEFENSE

Defendants' Counterclaim fails to state a cause of action upon which relief can be granted, because Brenda Nestor is not plausibly alleged to have an equitable mortgage or lien on the Connecticut Property under Connecticut law.

### SECOND DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of laches, because Defendants unreasonably delayed in raising their Counterclaim and thereby caused one or more of the Debtor's creditors to suffer harm.

### THIRD DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of estoppel, because neither the Debtor nor Brenda Nestor ever claimed the so-called Brenda Loan before the Adversary Proceeding was filed, and failed to file a proof of claim in the Chapter 11 Case concerning the Brenda Loan before the July 11, 2023 bar date for claims against the Debtor set by the Court [Chapter 11 Case Docket No. 25].

### FOURTH DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of unclean hands, because the "I.O.U./note" described in the Counterclaim (the "I.O.U."), like the Transfer Documents at issue in the Adversary Proceeding, is a bad-faith *post hoc* fabrication intended to frustrate the Debtor's creditors.

### FIFTH DEFENSE

The Counterclaim is barred, in whole or in part, by the applicable statute of limitations, Conn. Gen. Stat. § 52-581, since the I.O.U., like the Transfer Documents at issue in the Adversary Proceeding, is a bad-faith *post hoc* fabrication intended to frustrate the Debtor's creditors, and does not constitute a valid written contract.

### SIXTH DEFENSE

The Counterclaim is barred by Connecticut's statute of frauds, Conn. Gen. Stat. § 52-550, since the I.O.U., like the Transfer Documents at issue in the Adversary Proceeding, is a bad-faith *post hoc* fabrication intended to frustrate the Debtor's creditors, and does not constitute a valid written contract.

### SEVENTH DEFENSE

The Counterclaim fails to join one or more necessary or indispensable parties, including Secure Bridge Fund 1, LLC, which holds a recorded mortgage on the Connecticut Property.

4

## RESERVATION OF RIGHT TO AMEND

The Trustee reserves the right to amend his response and assert any additional defenses that he learns through discovery may be available to him under applicable bankruptcy or nonbankruptcy law.

**WHEREFORE**, having fully replied to the allegations contained in the Counterclaim, the Trustee respectfully requests that this Court:

a.  deny the Defendants any relief of any kind or character whatsoever;

b.  dismiss the Counterclaim in its entirety with prejudice, and render judgment in favor of the Trustee;

c.  award to the Trustee the costs and expenses (including reasonable attorneys' fees) incurred by the Trustee in defending against the Counterclaim;  and

d.  grant the Trustee such other and further relief as this Court deems just and proper.

DATED:  January 27, 2026
New York, New York

ALBERT TOGUT, not individually but solely in his capacity as Chapter 11 Trustee,
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ John McClain*
John McClain
Brian Kreutter
One Penn Plaza
New York, New York 10119
(212) 594-5000